IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEW HOPE HOSPITALITY, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 3:15-cv-02296-B |
| EH NATIONAL BANK, | § § § | |
| Defendant. | § | |

## ANSWER AND COUNTERCLAIMS OF EH NATIONAL BANK

COMES NOW the Defendant, **EH NATIONAL BANK** ("Defendant"), who files this its Answer to the Plaintiff's Original Petition (the "Petition") filed by **NEW HOPE HOSPITALITY, LLC** ("Plaintiff"), and its Counterclaims, and would respectfully show:

1. Defendant lacks sufficient information upon which basis it may, based on personal knowledge, admit or deny the allegations of Paragraph 1.01 of the Petition. To the extent that a further response is required, Defendant admits the allegations of Paragraph 1.01 of the Petition.

2. Defendant admits the allegations of Paragraph 1.02 of the Petition.

3. Paragraph 1.03 of the Petition states pure legal conclusions concerning the venue of this action when it was pending in state court in Ellis County, which Defendant is neither required to admit, nor deny, but if further response is necessary, Defendant denies same.

4. Paragraph 1.04 of the Petition states pure procedural, legal conclusions pertinent to when this case was pending in state court but which are no longer applicable to this case and which Defendant is neither required to admit, nor deny.

5.  Defendant lacks sufficient information upon which basis it may, based on personal knowledge, admit or deny the allegations of Paragraph 2.01 of the Petition. To the extent that a further response is required, Defendant admits the allegations of Paragraph 2.01 of the Petition.

6.  Defendant admits the allegations of Paragraph 2.02 of the Petition.

7.  Defendant generally admits the allegations of Paragraph 2.03 of the Petition.

8.  Defendant generally admits the allegations of Paragraph 2.04 of the Petition.

9.  Defendant generally admits the allegations of Paragraph 2.05 of the Petition.

10. Defendant generally admits the allegations of Paragraph 2.06 of the Petition.

11. Defendant generally admits the allegations of Paragraph 2.07 of the Petition.

12. Defendant generally admits the allegations of Paragraph 2.08 of the Petition.

13. Defendant admits the Effective Date of the Plan was in 2013 and that payments were made to Defendant thereafter; Defendant lacks sufficient information upon which basis it may, based on personal knowledge, admit or deny the remaining allegations of Paragraph 2.09 of the Petition.

14. Defendant generally admits the allegations of Paragraph 2.10 of the Petition.

15. Defendant lacks sufficient information upon which basis it may, based on personal knowledge, admit or deny the allegations of Paragraph 2.11 of the Petition.

16. Defendant admits that Plaintiff "came up with an amount to pay-off" Defendant, and that - - because the amount the Plaintiff came up with was miscalculated and incorrect - - Defendant declined to accept it in satisfaction of Plaintiff's obligations to Defendant; Defendant denies the remaining allegations of Paragraph 2.12 of the Petition.

17. Paragraph 2.13 of the Petition states a request for relief, which Defendant is neither required to admit, nor deny, but if further response is necessary, Defendant denies Plaintiff is entitled to same.

18. In Paragraph 3.01 of the Petition, Plaintiff incorporates prior allegations and states no new factual allegations; therefore, Defendant is neither required to admit, nor deny, the contents of Paragraph 3.01, but if further response is necessary, Defendant incorporates its responses to the prior paragraphs of the Petition.

19. Defendant admits that the confirmed Chapter 11 Plan of Reorganization, incorporating and modifying the provisions of the underlying loan agreements, constituted a valid contract. Defendant denies the remaining allegations of Paragraph 3.02 of the Petition.

20. Defendant denies the allegations of Paragraph 3.03 of the Petition.

21. Defendant denies the allegations of Paragraph 3.04 of the Petition.

22. Defendant denies the allegations of Paragraph 3.05 of the Petition.

23. Defendant denies the allegations of Paragraph 3.06 of the Petition.

24. In Paragraph 4.01 of the Petition, Plaintiff incorporates prior allegations and states no new factual allegations; therefore, Defendant is neither required to admit, nor deny, the contents of Paragraph 4.01, but if further response is necessary, Defendant incorporates its responses to the prior paragraphs of the Petition.

25. Defendant denies the allegations of Paragraph 4.02 of the Petition.

26. Defendant denies the allegations of Paragraph 4.03 of the Petition.

27. Paragraph 4.04 of the Petition states a request for relief, which Defendant is neither required to admit, nor deny, but if further response is necessary, Defendant denies that Plaintiff is entitled to same.

28. In Paragraph 5.01 of the Petition, Plaintiff incorporates prior allegations and states no new factual allegations; therefore, Defendant is neither required to admit, nor deny, the contents of Paragraph 5.01, but if further response is necessary, Defendant incorporates its responses to the prior paragraphs of the Petition.

29. Defendant denies the allegations of Paragraph 5.02 of the Petition.

30. Paragraph 5.03 of the Petition states a request for relief, which Defendant is neither required to admit, nor deny, but if further response is necessary, Defendant denies that Plaintiff is entitled to same.

31. Paragraph 5.04 of the Petition states a request for relief, which Defendant is neither required to admit, nor deny, but if further response is necessary, Defendant denies that Plaintiff is entitled to same.

32. Paragraph 5.05 of the Petition states a request for relief, which Defendant is neither required to admit, nor deny, but if further response is necessary, Defendant denies that Plaintiff is entitled to same.

33. Paragraph 6.01 of the Petition states a request for relief, which Defendant is neither required to admit, nor deny, but if further response is necessary, Defendant denies that Plaintiff is entitled to same.

34. Paragraph 7.01 of the Petition states a request for relief, which Defendant is neither required to admit, nor deny, but if further response is necessary, Defendant denies that Plaintiff is entitled to same.

35. Paragraph 8.01 of the Petition states a request for relief, which Defendant is neither required to admit, nor deny, but if further response is necessary, Defendant denies that Plaintiff is entitled to same.

36. Paragraph 9.01 of the Petition, and all of its subparts sets out procedural discovery requests only pertinent when this case was pending in state court but which are no longer applicable to this case and which Defendant is neither required to admit, nor deny.

37. Paragraph 10.01 of the Petition states a request for relief, which Defendant is neither required to admit, nor deny.

## COUNTERCLAIMS

38. Defendant, as counterclaim Plaintiff, asserts a claim for declaratory relief interpreting the relevant agreements, pleadings, orders and statutes including, without limitation, the Plan as confirmed, the loan documents, 11 U.S.C. §1111(b) and Defendant's election thereunder, and declaring the rights of the parties in connection therewith. Specifically, Defendant maintains that it is entitled to a declaration, based on the above, that Plaintiff was not technically entitled - - absent consent by Defendant - - to an early payoff of the note (as modified by the Plan), that the pay-off amount that Plaintiff came up with was incorrect, that the amount paid by Plaintiff in exchanged for Defendant's release of its liens was the correct amount, and that Plaintiff is not entitled to any further payment from Defendant.

39. In addition, Defendant would show that Plaintiff's institution of this lawsuit is itself a breach of Plaintiff's agreements with Defendant as modified by the Plan.

40. Defendant seeks recovery of its reasonable and necessary attorneys' fees under the underlying agreements, in connection with the request for declaratory relief, as may be equitable and just, and as may be permitted under Tex. Civ. Prac. & Rem. Code §38.001.

**WHEREFORE**, Defendant, **EH NATIONAL BANK**, respectfully requests that upon final trial hereof, Plaintiff take nothing and that Defendant go hence without delay, that Defendant recover declaratory relief and its attorneys' fees and costs, and that Defendant have such other and further relief, at law or in equity, to which Defendant may be entitled.

Respectfully submitted,
**STROMBERG STOCK, PLLC**

By: /s/ Mark Stromberg
MARK STROMBERG
State Bar No. 19408830
8750 North Central Expressway, Ste 625
Dallas, Texas 75231
Telephone: (972) 458-5353
Facsimile: (972) 861-5339
E-mail: mark@strombergstock.com

**ATTORNEYS FOR PETITIONER**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Notice of Removal has been mailed, by certified mail, return receipt requested, to Joyce W. Lindauer, 12720 Hillcrest, Suite 625, Dallas, Texas 75230; and mailed via regular mail to the 40th Judicial District Court of Ellis County, Texas, for filing in that court, on this the 10th day of July, 2015.

/s/ Mark Stromberg
MARK STROMBERG