UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEW HOPE HOSPITALITY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-2296-B |
| | § | |
| EH NATIONAL BANK, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant EH National Bank's Amended Motion for Leave to Add Third Party Defendant Jagmohan Dhillon (Doc. 11). For the following reasons, the Court **DENIES** EH's Motion.

I.

BACKGROUND

This case arises from New Hope Hospitality, LLC (New Hope) allegedly overpaying EH National Bank (EH) during the former's Chapter 11 Bankruptcy. Doc. 1-3, Original Pet. ¶¶ 2.02–12. EH says it lent New Hope five million dollars under a promissory note (the Note) on September 17, 2008, secured by both New Hope's real property, under a deed of trust, and two guaranty agreements, both of which indicated Jaghoman Dhillon (Dhillon) was unconditionally guaranteeing New Hope's payment and performance under the Note. Doc. 11, Am. Mot. for Leave to Add Third Party Def. ¶ 1 (Def.'s Mot.).[1]

---

[1] The bankruptcy court's confirmed plan (the Plan) seems to suggest this is true, though the Court cannot confirm these facts from the record. *See* Doc. 68, Ex. A-1, First Am. Plan of Reorganization 13–14.

On or about March 30, 2012, New Hope filed for Chapter 11 Bankruptcy, and, about a year later, the bankruptcy court approved New Hope's reorganization plan. Doc. 11, Def.'s Mot. ¶ 2; Doc. 1-3, Original Pet. ¶¶ 2.03–09. Then, after that court entered a final decree and closed the case—and, according to EH, after New Hope made two out of ten years worth of payments under the Plan—New Hope sought an early, extra-contractual payoff of the Note. Doc. 1-3, Original Pet. ¶¶ 2.10–13; Doc. 11, Def.'s Mot. ¶ 3. Initially, EH refused, but, after negotiation, the two came to an understanding, New Hope paid, and EH released its lien on New Hope's property. Doc. 1-3, Original Pet. ¶¶ 2.12–13; Doc. 11, Def.'s Mot. ¶ 3. Now, however, New Hope claims it overpaid EH at least $407,868.56, and so on May 5, 2015, sued EH in state court to recover this amount. Doc. 1-3, Original Pet. ¶¶ 2.12–13; Doc. 11, Def.'s Mot. ¶ 3. On July 10, 2015, EH removed the case to this Court and filed a counterclaim seeking a declaration that it is entitled to retain the sums it received under the Note and Confirmed Plan. Doc. 11, Def.'s Mot. ¶ 4.

Now, EH moves to add Dhillon as a third-party defendant. Doc. 11, Def.'s Mot. On December 18, 2015, New Hope filed its "objection" to the Motion, Doc. 12, Obj. (hereinafter Pl.'s Resp.), which this Court construes as a response, and, on December 30, 2015, EH replied in turn. Doc. 13, Def.'s Reply. Thus, EH's Motion is now ripe for review.

## II.

## LEGAL STANDARD

*A.*   *Rules 14 and 15*

Under Rule 14(a)(1), "A defending party may, as third-party plaintiff, serve a summons and

---

(referencing five million dollar mortgage and granting equity interest in debtor to Dhillon).

complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

Under Rule 15, a party may amend his or her pleading either twenty-one days after serving it, or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15 (a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2).

B.      *Rule 19*

Under Rule 19, a person must be joined as a party when (1) the person's absence will prevent the court from "accord[ing] complete relief among existing parties," or (2) the person has an interest in the subject of the case, and disposing of it in the person's absence will either "impair or impede the person's ability to protect the interest," or create a risk of multiple or inconsistent obligations for an existing party because of the interest. Fed. R. Civ. P. 19(a)(1). Failure to join a required person is grounds for dismissal. *See* Fed. R. Civ. P. 12(b)(7). If it is not feasible to join the required person, a court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Four factors are relevant to this analysis: (1) " the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) the degree to which "protective provisions in the judgment," "shaping the relief," or "other measures" might mitigate any prejudice; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an

adequate remedy if the action were dismissed for nonjoinder." *Id.*

"[C]ourts are reluctant to grant motions to dismiss of this type." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1359 (3d ed. 2004). A court deciding a Rule 12(b)(7) motion "must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." *Id.* Furthermore, the party seeking dismissal "has the initial burden of demonstrating that a missing party is necessary." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). But once "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006)).

C.      *Rule 20*

Under Rule 20, a person may be joined in an action as a defendant if "(A) any right to relief is asserted against [him or her] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(A)–(B).

## III.

## ANALYSIS

EH argues that it may join Dhillon under Federal Rules of Civil Procedure 14, 15, and/or 20, and that the Court must join Dhillon under Rule 19. Doc. 11, Def.'s Br. ¶¶ 7–12. New Hope offers no substantive rebuttal and instead argues only that the applicable statute of limitations bars impleader or joinder under any of the above rules. Doc. 12, Pl.'s Resp. 2–3. Accordingly, the Court addresses the limitations argument first.

- 4 -

A.      *Whether the Statute of Limitations Bars EH From Impleading or Joining Dhillon as Third-Party*

New Hope argues that a four-year statute of limitations prevents EH from asserting any claims

against Dhillon, and therefore it would be futile to add him as a third-party defendant. Doc. 12, Pl.'s

Resp. 3. EH responds with three arguments: that New Hope (1) fails to address the correct

impleader/joinder standard; (2) lacks standing to argue limitations for Dhillon; and (3) is not actually

barred by the limitations period from asserting its (New Hope's) claims. Doc. 13, Def.'s Reply 2.

Because the law regarding the limitations period is clear, the Court addresses this issue only, forgoing

an analysis of whether New Hope failed to address the correct impleader/joinder standard, or

whether it had standing to raise a statute of limitations defense on behalf of Dhillon.

1.      Whether the Statute of Limitations Has Actually Run

"Federal courts apply the statute of limitations of the forum state." *Wilder Farms, Inc. v. Rural*

*Cmty. Ins. Services*, 2-11-CV-0123, 2011 WL 6179578, at *4 (N.D. Tex. Dec. 12, 2011), *aff'd sub*

*nom. Wilder Corp. of Del., Inc. v. Rural Cmty. Ins. Servs.*, 494 F. App'x 487 (5th Cir. 2012) (citing

*Guar. Trust Co. v. York*, 326 U.S. 99 (1945); *Huss v. Gayden*, 571 F.3d 442 (5th Cir. 2009)). Here,

the claim was brought in Texas, and so Texas' statute of limitations applies.

The question is which Texas statute applies.

New Hope says the Court should use Chapter 16 of the Texas Civil Practice and Remedies

Code, which gives parties four years to bring a claim for a debt. Doc. 12, Pl.'s Resp. 2–3 (citing Tex.

Civ. Prac. & Rem. Code § 16.004). Because this period began to run in September 2011, when New

Hope defaulted on the loan, EH needed to sue Dhillon by September 2015, according to New Hope.

Doc. 12, Pl.'s Resp. 3. That time now passed, New Hope says EH cannot sue Dhillon, and so

impleader is futile and should be denied.

EH argues that Chapter 3 of the Texas Business and Commerce Code, which governs negotiable instruments, applies. Doc. 13, Def.'s Reply 4. Under that statute, generally, "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." Tex. Bus. & Com. Code § 3.118. According to EH, the cause of action accrued on March 30, 2012, when New Hope declared bankruptcy, not September 2011, when New Hope defaulted. Doc. 13, Def.'s Reply 4. Thus EH would have until March 30, 2018 to sue Dhillon.

Fortunately, the law here is clear. "[W]hen it applies, the statute of limitations on negotiable instruments supersedes the statute of limitations on debts because the statute of limitations on negotiable instruments is more specific." *Educap, Inc. v. Sanchez*, 01-12-01033-CV, 2013 WL 3243390, at *3 (Tex. App.—Houston [1st Dist.] June 25, 2013) (mem. op.) (citing Tex. Bus. & Com. Code Ann. § 3.118 cmt. (explaining "[w]ith respect to actions on instruments covered by this Act, the statute of limitations provisions of section 3.118 should be interpreted to supersede, because of their particularity, any conflicting statute of limitations of general applicability under Texas law); *See, e.g.,* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.003, 16.004 (Vernon 1986).")). Thus, because the Note is a negotiable instrument, the Texas Business and Commerce Code's six-year statute of limitations applies. Accordingly, regardless of whether the cause accrued in 2011 or 2012, EH may still sue Dhillon, New Hope's argument fails, and the Court moves to the merits.

B.     *Whether Impleading or Joining Dhillon Is Appropriate or Necessary*

1.     Rules 14 and 15

EH first moves to implead Dhillon under Rules 14 and 15, arguing that district courts freely

grant leave to do so, especially where a third-party claim arises from the same occurrence or transaction as the primary claim, and where none of the exceptions to amendment apply. Doc. 11, Def.'s Mot. ¶ 8. Indeed, "court[s] should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

This, however, is not one of those situations. Despite its protestations otherwise, EH has asserted no viable claim against Dhillon. *See infra* Sec. III(B)(2)–(3); Doc. 11-1, Ex. A., Third Party Compl. ¶¶ 5–6. Thus, there is no basis for granting EH leave to amend to add Dhillon as a third-party defendant.

2.   Rule 19

Nor does EH meet Rule 19's more stringent strictures. First, EH says it cannot be afforded complete relief if Dhillon is not joined, because, if New Hope is permitted to recoup its overpayment, that would leave EH unable to recover under the guaranty agreements from the un-joined Dhillon. Doc. 11, Def.'s Mot. ¶ 10; Fed. R. Civ. P. 19(a)(1)(A).  The Court, however, is not convinced by this argument. EH has filed a counterclaim seeking a declaration that it is entitled to retain what New Hope paid it under the Note and Confirmed Plan. Doc. 11, Def.'s Mot. ¶ 4. It has also alleged that, because Dhillon guaranteed its loan to New Hope, "in the unlikely event that [New Hope] should prevail in its claims [and recoup the alleged overpayment], Dhillon will be liable to [EH] pursuant to his separate guaranty obligations executed as a part of the same transaction, *wherein he unconditionally agreed to pay any sums not paid under the Note by [New Hope]*." Doc. 11-1, Third Party Compl. ¶ 6 (emphasis added).

Problematically for EH, even if Dhillon did "unconditionally agree[] to pay any sums not paid under the Note by [New Hope]," the court-ordered remittance EH now seeks would not constitute

as "[a] sum not paid under the Note." Rather, it would be an overpayment (i.e. money to which EH is not entitled to under the Note). Essentially, EH is arguing that it needs to join Dhillon so that, in the event the Court concludes it is not entitled to the money New Hope paid it, it will be able to recoup the money to which it is not entitled from Dhillon, whose liability is solely derivative of New Hope's obligation to pay. Accordingly, the Court finds complete relief can indeed be granted without joining Dhillon.

EH also argues that not impleading Dhillon would subject it to substantial risks "because claims against Dhillon may, if not brought herein be subject to limitations arguments, because of the risk of multiple or inconsistent results if the same claims are tried in different courts, and because of the risk that another court might be asked not to give binding effect to a ruling from this Court as Dhillon must be afforded the right to assert that the payment made by Plaintiff to Defendant was proper." Doc. 11, Def.'s Mot. ¶ 10. Again, the Court does not believe this will be the case for the reasons stated above.

Lastly, EH contends that "failure to join Dhillon . . . may, for the same reasons, be prejudicial to Dhillon [himself]." *Id.* (emphasis omitted). For the reasons stated above, the Court is not convinced this is the case. Accordingly, joinder is unnecessary under Rule 19.

3.   Rule 20

Finally, turning to Rule 20, and taking EH's allegations as true, even if Dhillon did "unconditionally agree[] to pay any sums not paid under the Note by [New Hope]," EH has still not asserted a right to relief against Dhillon. If the Court determines EH is not entitled to the money New Hope paid it, joining Dhillon on the theory that EH would be able to recoup that money (to which it is not entitled) from Dhillon instead would be nonsensical. Dhillon's liability is solely

- 8 -

derivative of New Hope's obligation to pay. Accordingly, the Court cannot see how EH has asserted a genuine right to relief against Dhillon. Therefore, permissive joinder is not warranted in this case, either.

## IV.

## CONCLUSION

Based on the foregoing, the Court **DENIES** EH's Motion to Join Third Party Defendant under Federal Rules of Civil Procedure 14, 15, 19, and/or 20.

**SO ORDERED.**

**SIGNED: April 12, 2016.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE